# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| LONNIE GETER, #288401, ) | |
| ) | |
| Petitioner, ) | |
| ) | C.A. No.: 8:09-1589-PMD-BHH |
| v. ) | |
| ) | |
| MICHAEL McCALL, WARDEN, ) | |
| PCI ) | **ORDER** |
| ) | |
| Respondent. ) | |
| ) | |

In this matter, Petitioner Lonnie Geter ("Petitioner") sought a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on June 9, 2009.[1] On October 16, 2009, Respondent Michael McCall ("Respondent") moved for summary judgment. On October 20, 2009, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment dismissal procedure and possible consequences if he failed to adequately respond to the motion. On November 25, 2009, Petitioner filed a response opposing Respondent's Summary Judgment Motion. On February 9, 2010, in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), the Magistrate Judge entered a Report and Recommendation ("R&R") recommending Respondent's Motion for Summary Judgment be granted and Petitioner's Habeas Corpus Petition be dismissed with prejudice. Petitioner filed a timely objection to the R&R on February 25, 2010.

## BACKGROUND

Petitioner is currently confined at the Perry Correctional Institution of the South Carolina Department of Corrections ("SCDC"). Petitioner was indicted in October 2002 for robbery, first

---

[1] Filing date per *Houston v. Lack*, 487 U.S. 266, (1988).

1

degree burglary, and assault and battery of a high and aggravated nature ("ABHAN"). Petitioner was re-indicted in November 2002 on the burglary charge with an additional allegation that Petitioner had committed prior burglaries. Petitioner was represented at trial by Jennifer Johnson, Esquire, and on December 6, 2003, Petitioner was found guilty by a jury on all counts. Petitioner was sentenced to fifteen years for the robbery charge, life for the burglary charge, and ten years for the ABHAN charge.

Petitioner filed a timely appeal with the South Carolina Court of Appeals. The South Carolina Office of Appellate Defense represented Petitioner on direct appeal and on January 20, 2004 filed a "no merit" *Anders* brief raising the following issue: "Whether the court erred when it refused Petitioner's request to submit the lesser included offense of second degree burglary to the jury?" On December 16, 2003, Petitioner also submitted a *pro se* brief raising the following additional issue: "Whether the court erred in considering Petitioner's prior burglary convictions to deny his requested jury charge on the lesser included offense of second degree burglary?" On June 24, 2004, the South Carolina Court of Appeals dismissed Petitioner's appeal. *State v. Geter*, Op. No. 2004-UP-413 (S.C. Ct. App. 2004). The Remittitur was issued on July 28, 2004.

Petitioner filed an application for post-conviction relief ("APCR") on August 19, 2004, in which he alleged ineffective assistance of counsel, lack of subject matter jurisdiction, and Due Process violation. On March 24, 2006, an evidentiary hearing was held at which Petitioner was represented by Attorney David Walsh, Esquire. The case had to be continued in the middle of Petitioner's trial counsel's testimony. On May 21, 2007, the hearing was reconvened and Walsh submitted a memorandum raising the following grounds for PCR:

2

1. The Court of General Sessions lacked subject matter jurisdiction to try Petitioner on the amended burglary-first degree indictment and/or his defense counsel was ineffective for failing to object to the amended burglary-first degree indictment and for failing to inform him that the indictment had been amended to materially change the aggravating circumstances.

2. Petitioner was denied his Sixth Amendment right to effective assistance of counsel because:

   A. His defense counsel failed to subject the prosecution's case to meaningful adversarial testing, rendering the adversary process itself presumptively unreliable.

   B. His defense counsel admitted Petitioner's guilt in her closing argument to the jury without Petitioner's consent.

On September 7, 2007, the PCR judge denied Petitioner's application for PCR. Petitioner filed a timely notice of appeal. Petitioner was represented by Elizabeth A. Franklin, Assistant Appellant Defender of the South Carolina Office of Appellate Defense, who filed a petition for a writ of certiorari raising the following issue:

> Did the PCR judge err when he held that the trial counsel was not ineffective, when trial counsel's "strategy" was not a legally cognizable strategy at all?

The South Carolina Supreme Court denied certiorari on November 19, 2008 and issued the Remittitur on December 5, 2008.

Petitioner filed his *pro se* habeas petition on June 12, 2009, in which he asserts the following grounds for relief:

**Ground One:** Petitioner claims he was denied due process of law at trial when the Court refused to submit the lesser included offense of second degree burglary because of prior burglary convictions.

**Ground Two:** Petitioner claims that the Court of General Sessions lacked subject matter jurisdiction to try Petitioner on the amended burglary-first degree indictment and/or his defense counsel was ineffective for failing to object to the amended burglary-first degree indictment and for failing to inform him that the indictment had been amended to materially change the aggravating circumstances.

**Ground Three:** Petitioner claims he was denied effective assistance of counsel. Counsel admitted Petitioner's guilt in her closing argument and failed to subject the states's case to meaningful adversarial testing.

On October 16, 2009, Respondent filed a return and motion for summary judgment. On November 25, 2009, Petitioner filed a response opposing Respondent's Summary Judgment Motion. On February 9, 2010, the Magistrate Judge recommended to this Court that Respondent's motion for summary judgment be granted and Petitioner's habeas corpus petition be dismissed with prejudice. On February 25, 2010, Petitioner filed a response and objections to the Magistrate's report and recommendations on the ground that Petitioner's counsel rendered ineffective assistance of counsel by admitting his guilt to the robbery and ABHAN charges without his consent and by failing to subject the state's case to a meaningful adversarial testing.

## STANDARD OF REVIEW

**A.      Magistrate Judge's R&R**

The Magistrate Judge made his review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within fourteen days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the R&R in whole or in part. *Id.* Additionally, the court may recommit the matter to the Magistrate Judge with instructions. *Id.*

B.  **Legal Standard for Summary Judgment**

To grant a motion for summary judgment, the Court must find that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court is not to weigh the evidence but rather to determine if there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *See Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The "obligation of the nonmoving party is 'particularly strong when the nonmoving party bears the burden of proof.'" *Hughes v. Bedsole*, 48 F.3d 1376, 1381 (4th Cir. 1995) (quoting *Pachaly v. City of Lynchburg*, 897 F.2d 723, 725 (4th Cir. 1990)). Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual bases." *Celotex*, 477 U.S. at 327.

C.  **Section 2254 Petitions**

The court may grant habeas relief with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the

5

Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2). As "a determination of a factual issue made by a State court shall be presumed to be correct," Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). With respect to reviewing the state court's application of federal law, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362 (2000).

## ANALYSIS

**I.     Grounds One and Two of Petitioner's Habeas Claim**

The court only reviews *de novo* those portions of the R&R that have been specifically objected to, and Petitioner does not object to the Magistrate Judge's findings with respect to Grounds One and Two of Petitioner's habeas claim. After reviewing the record, the court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law with respect to these grounds. Accordingly, the court adopts the R&R and fully incorporates it into this Order.

**II.    Ground Three of Petitioner's Habeas Claim**

In Ground Three of Petitioner's Habeas Corpus Petition, Petitioner claims his trial counsel was ineffective for admitting guilt in her closing argument without his consent and without subjecting the State's case to adversarial testing. At the PCR hearing, Petitioner testified that he met with trial counsel and that they went over discovery, his version of what happened, the photo lineup,

and his statement. However, he claimed that they did not go over trial strategy, the strength of the State's witnesses, or his prior record. Petitioner testified that he was not notified of the November 2002 First Degree Burglary indictment and that trial counsel never discussed admitting guilt of the ABHAN charge in an effort to get a "not guilty" verdict on the First Degree Burglary charge by arguing that the victim had invited Petitioner into her house. Petitioner testified that he never would have consented to trial counsel admitting his guilt of the ABHAN charge.

Counsel testified at the PCR hearing that her trial strategy was to admit to the ABHAN charge in order to gain credibility with the jury because Petitioner had admitted in an official statement that he had hit the victim and had been identified by the victim in a photographic lineup. Counsel felt that she would have to lose the battle to win the war and a "not guilty" verdict on the burglary charge, which carried the harshest sentence and which the solicitor refused to dismiss. She testified that her strategy was to show that Petitioner was invited in by the victim, and, once inside, it became a crime of opportunity. She testified that she had many discussions with Petitioner regarding this strategy and that her notes indicated that on December 4, 2002, she discussed this strategy with Petitioner, that he understood the discussions, and that he consented and agreed. Counsel testified that she did not initially admit guilt for the ABHAN charge in her opening statement because she wanted to wait and see where the trial would go. She also testified that she discussed the pros and cons of testifying during the pretrial motion and during the trial. She stated that the pro would be that Petitioner would have a chance to explain the events and that the cons would be that the State could introduce his prior record and would have the opportunity to cross-examine Petitioner, during which she thought Petitioner would not hold up well. She testified that she did not have a good defense in this case due to the overwhelming evidence of Petitioner's guilt,

7

including Petitioner's statement in which he admitted to beating and robbing the victim. Counsel did not think she could get this statement excluded based on her nine years of experience as a criminal defense attorney. Counsel also thought the victim photo identification was solid evidence against Petitioner, considering Petitioner had been next door to the victim working for four days prior to the incident.

The PCR Court found that counsel's testimony was credible and that Petitioner's testimony was not credible. The PCR Court found that Petitioner failed to meet his burden of showing that counsel's representation fell below the standard of professional reasonableness for a criminal defense attorney under *Strickland v. Washington,* 466 U.S. 668 (1984). The PCR Judge found that trial counsel was not ineffective in admitting to the guilt on the ABHAN charge with the intention of challenging the intent element of the burglary charge. The PCR Court found this to be a valid trial strategy and that counsel had gone over this strategy on many occasions with Petitioner and had gained his consent to admit guilt on the ABHAN charge. The PCR Court also found that counsel's notes reflected a conversation about this strategy on December 4, 2002. Based on these findings, the PCR Court found that Petitioner could not satisfy either requirement of the *Strickland* test.

The Magistrate Judge also analyzed Petitioner's claim under *Strickland's* two-prong test for ineffective assistance of counsel and found Petitioner's claim to be without merit. Under *Strickland*, Petitioner first "must show that counsel's performance was deficient," which can be proven by showing that "counsel's representation fell below an objective standard of reasonableness." R&R, p. 13. (citing *Strickland* at 687-88.) Second, Petitioner must show that the deficient performance actually prejudiced him, or "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." R&R, p. 13. (citing

8

*Strickland* at 694.) The Magistrate Judge considered that the victim had identified Petitioner as her attacker from a photographic lineup and that Petitioner had entered a statement in which he admitted to entering the residence, shoving the victim, and stealing her purse. R&R, p. 14. Given the strength of the evidence, counsel asked the jury to return guilty verdicts on the robbery and ABHAN charges in order to preserve credibility with the jury with the goal of receiving a not guilty verdict on the burglary charge- the charge with the harshest sentence. R&R, p. 15. Counsel emphasized the evidence that showed Petitioner had been invited into the victim's home and that he did not possess the requisite criminal intent upon entering the home. Counsel argued that it was a crime of opportunity and that the criminal intent was not formed until Petitioner had already entered the residence. R&R, p. 15. The Magistrate Judge also noted that the PCR Court found that trial counsel was credible, had used a reasonable strategy, and had explained the strategy to Petitioner and gained his consent. R&R, p. 15. The Magistrate Judge first noted that credibility determinations such as the one made by the PCR Judge in this case are factual determinations and are presumed to be correct absent clear and convincing evidence to the contrary. R&R, p. 15. (citing 28 U.S.C. § 2254(e)(1) (2006)). Petitioner has yet to set forth any clear and convincing evidence that the PCR Court erred in its credibility determinations. R&R, p. 15. The Magistrate Judge also found that even if Petitioner did not authorize counsel to admit his guilt, counsel's concession of a client's guilt does not automatically constitute ineffective assistance of counsel, because a showing of deficient performance and actual prejudice is still required to establish ineffective assistance of counsel. R&R, p. 16. (citing *Florida v. Nixon*, 543 U.S. 175, 189-90 (2004) (holding that counsel's failure to obtain defendant's express consent to a strategy of conceding guilt at the guilt phase of a capital trial should have been reviewed under the ineffective assistance of counsel standard used in

9

*Strickland*); *Clozza v. Murray*, 913 F.2d 1092, 1099-1100 (4th Cir. 1990) (applying the *Strickland* standard to an unauthorized concession of guilt claim)). "'[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that . . . under the circumstances, the challenged action might be considered sound trial strategy.'" R&R, p. 16. (quoting *Strickand*, 466 U.S. at 689.) The Magistrate Judge agreed with the PCR Judge that trial counsel admitted guilt in the face of rather damning evidence in order to preserve some credibility and get a "not guilty" verdict on the charge not admitted to, burglary, which carried the harshest sentence. R&R, p. 16. The Magistrate Judge found that Petitioner had failed to assert any facts that overcame the presumption that counsel's approach was a sound trial strategy under the circumstances. R&R, p. 16-17. (citing *Rose v. Lee*, 252 F.3d 676, 693 (4th Cir. 2001) (holding "[w]hen counsel makes a reasonable strategic choice based upon an investigation of the facts, this Court must defer to that strategic choice.")) Based on the preceding facts, the Magistrate Judge found that the PCR Court properly applied federal law to Petitioner's claim and did not make unreasonable determination of the facts in light of the evidence presented at the PCR trial. Therefore, the Magistrate Judge recommends dismissing Petitioner's Ground Three claim with prejudice.

Petitioner objects to the Magistrate Judge's findings with respect to Ground Three of his habeas claim. First, Petitioner objects to the Magistrate Judge's use of *Florida v. Nixon*, 543 U.S. 175, 189-90 (2004), and claims that the *Nixon* Court restricted its holding to capital cases given the gravity of the potential sentence and the two-phase trial structure. Objection, p. 1. (citing *Nixon*, 125 S.Ct. at 562). Petitioner reiterates his argument that counsel violated his Sixth Amendment right to effective counsel when she admitted his guilt during her closing argument, without Petitioner's

consent or approval.  Petitioner claims that despite him never giving a statement to police, his trial counsel still told the jury that he was guilty of the robbery and ABHAN charges.  Petitioner argues that the PCR Court believed counsel's testimony that an agreement to admit guilt existed despite a lack of evidence to support this conclusion.  Petitioner argues that counsel had an invalid strategy because the jury could still likely conclude that he had the intent element necessary for the burglary charge, despite counsel's efforts to preserve her credibility by admitting the ABHAN charge. Petitioner also argues that although counsel says she admitted his guilt as part of her strategy, she added her personal opinion about him to the jury, violating the Code of Professional Responsibility of the American Bar Association.  Petitioner argues that the fact that he testified at the PCR hearing that he never discussed or consented to counsel's strategy and the fact that he invoked his right to a jury trial makes it clear and convincing that he never consented to counsel's strategy.  Petitioner claims that counsel has the duty to advocate the defendant's cause and consult with the defendant on developments in the course of the prosecution.  Objection, p. 7. (citing *Strickland* at 688.)  The accused person retains the ultimate authority to make certain fundamental decisions regarding the case, such as whether to plead guilty, to testify in his own behalf, or take an appeal.  Objection, p. 7. (citing *Jones v. Barnes*, 463 U.S. 745 (1983)).  Petitioner claims that counsel is ineffective when counsel concedes a client's guilt in spite of her client's "not guilty" plea and without the defendant's consent, regardless of the weight of the evidence against the defendant or the wisdom of counsel's "credibility approach strategy."  Objection, p. 8. (citing *Francis v. Spraggins*, 720 F.2d 1190 (11th Cir. 1983); *Wiley v. Sowders*, 647 F.2d 642 (6th Cir. 1981); *North Carolina v. Harbison*, 315 N.C. 175 (1985)).  Petitioner states that a lawyer may make a tactical determination of how to run a trial, but the due process clause does not allow the attorney to enter a guilty plea or admit facts that

amount to a guilty plea without the client's consent. Objection, p. 8. (citing *Brookhart v. Janis*, 384 U.S. 1, 8, 86 S.Ct. 1245, 1249 (1966)). When a lawyer's admission of their client's guilt amounts to a guilty plea, the record must show that Petitioner intended to plea guilty and actually consented to it. *Id*. (citing *Brookhart* at 1249; *Boykin v. Alabama*, 395 U.S. 239 (1969)). Petitioner also argues that counsel acted more like an advocate for the state than an adversary, causing a breakdown in the adversarial process that rendered the outcome of the trial unreliable and, therefore, violated Petitioner's Sixth Amendment right to effective counsel. *Id*.

This Court finds Petitioner's objections to the Magistrate Judge's R&R to be without merit. While Petitioner may be correct that the holding in *Nixon* applies only to capital cases, this is not dispositive on the issue. Although Petitioner denied giving the police a statement, the court record included the statement, and Petitioner's counsel was justified in considering this when devising her trial strategy, given that the statement was detrimental to her case. The PCR Court determined based on testimony that counsel had in fact discussed the strategy and obtained consent from Petitioner. This credibility determination is a factual determination, and therefore, is presumed to be correct absent clear and convincing evidence to the contrary. *See* 28 U.S.C. § 2254(e)(1) (2006). Petitioner argues that it is clear and convincing that he never consented based on the fact that he testified that he and counsel never discussed the strategy and that he invoked his jury trial right, proving his intent to claim his innocence. However, this is not clear and convincing evidence because his testimony has already been discredited by the PCR Judge and his request for a jury trial was made before counsel's trial strategy had been discussed and consented to by Petitioner. Petitioner's argument that counsel's strategy was invalid because the jury was still able to find him guilty of burglary is also without merit. As stated in the R&R, "[A] court must indulge a strong presumption that

counsel's conduct falls within the wide range of reasonable professional assistance; that . . . under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689. In light of the strong evidence against Petitioner such as the police statement and the victim's photo identification of Petitioner, counsel was warranted in the use of her strategy to concede guilt on the lesser charges, of which Petitioner likely would have been convicted anyway, in an attempt to win a verdict of "not guilty" on the more serious charge of burglary. Petitioner's argument that counsel's statement of her personal opinion of his guilt violated the Code of Professional Responsibility of the American Bar Association is also unpersuasive. Counsel's statement of her opinion was reasonable under the circumstances, and she was using it as part of a valid trial strategy to win on the more serious charge. Petitioner's claims that counsel breached a duty to advocate his cause and failed to consult with him about developments throughout the prosecution is also without merit, because, as previously mentioned, the PCR Court has found that Petitioner did in fact consent to counsel's trial strategy, and this court must defer to that determination absent clear and convincing evidence to the contrary. Petitioner's argument that counsel acted more like an advocate of the State than an adversary is also without merit. Counsel considered the reality of the circumstances in regard to the evidence against her client, and then made a reasonable decision to "lose the battle in an effort to win the war." Even assuming that Petitioner had not consented to counsel's admission of guilt to two of the three charges, counsel's concession of guilt does not necessarily amount to ineffective assistance of counsel. To prove ineffective assistance of counsel, Petitioner still must show "that counsel's representation fell below an objective standard of reasonableness" and "that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*,

466 U.S. at 688, 694. In this case, if counsel had attempted to portray Petitioner's crimes, which he admitted to in his statement, as anything other than robbery and ABHAN, the jury would have certainly doubted counsel's credibility. As a result, counsel's attempt to convince the jury of Petitioner's innocence of the burglary charge, which was still reasonably possible if counsel was thought to be credible, does not amount to ineffective assistance of counsel.

Thus, after reviewing the record, the court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law, and the court adopts the R&R and fully incorporates it into this Order.

## **CERTIFICATE OF APPEALABILITY**

On December 1, 2009, the Rules Governing Section 2254 Cases in the United States District Courts were amended to require a District Court to issue or deny a certificate of appealability when a final ruling on a habeas petition is issued. The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee,* 252 F.3d 676, 683 (4th. Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

## CONCLUSION

For the foregoing reasons, the court agrees with the Magistrate Judge's Report and Recommendation and **ORDERS** that Petitioner's § 2254 habeas petition is **DISMISSED** with prejudice and that a certificate of appealability is **DENIED.**

**AND IT IS SO ORDERED.**

                                            PATRICK MICHAEL DUFFY
                                            United States District Judge

**June 29, 2010**
**Charleston, SC**